## UNION TRACTION COMPANY *v.* CREQUE.

[No. 11,533. Filed March 9, 1923. Rehearing denied May 29, 1923.]

1. STREET RAILROADS.—*Crossing Accidents.*—*Complaint.*—*Sufficiency.*—*Negligence.*—A complaint averring that the plaintiff, while cautiously driving her automobile, looked to both directions for approaching cars, and there being none in sight, she started to drive across defendant's tracks, but when not entirely across the engine stalled, and while so stalled a street car approached at a high rate of speed, and negligently and carelessly failed to slow down, although she could have been seen for 150 yards, and ran into her automobile, inflicting injuries, *held,* sufficient to charge negligence approximately resulting in the injuries. p. 15.

2. APPEAL.—*Review.*—*Refusal of Instructions.*—It is not error to refuse requested instructions, though they are correct, where the subject-matter is substantially covered by other instructions given. p. 15.

3. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—*Cure by other Instructions.*—An instruction will not be held erroneous, as permitting the jury to base its verdict on facts pleaded, where other instructions given contain language informing the jury to "make your decision upon the facts as proven by the evidence." p. 15.

From Grant Circuit Court; *J. F. Charles,* Judge. ·

Action by Lydia Creque against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. Van Osdol* and *Gus S. Condo,* for appellant.

*Thomas B. Dicken, W. C. Coryell* and *James W. Noel,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant for damages alleged to have been sustained by appellee in a collision of her automobile with one of appellant's city street cars in the city of Marion, Indiana.

In the complaint which is in two paragraphs, the appellee sues for personal injuries in the first, and in the second, she sues for injuries to her automobile, it being alleged substantially in each paragraph that said injuries arose out of said collision, and the alleged negligence of the appellant's servants in relation thereto.

The facts averred in each of these paragraphs are substantially as follows:  Appellant was on November 12, 1918, the owner of and engaged in operating an an electric street railroad, along the center line of Washington street, in the city of Marion, Indiana.  On said day appellee was the owner of a certain automobile and was cautiously driving said car along and through said city of Marion, and along said Washington street journeying from her home in Michigan, south to Florida. She entered upon said street at the north of said city limits and followed it south to the point where it is intersected by Harmon street, at which point she turned southeast on said Harmon street; she then learned that she was pursuing the wrong direction and turned her said automobile around, returned to said Washington street, and started to drive across said street car line to the right side thereof for the purpose of continuing her course southward.  In approaching said car line she

exercised due precaution and diligence in this: that she slowed down the speed of her said car before entering upon said car line, and looked both to the north and to the south for approaching street cars, and there being none in sight she started to drive her said automobile across said tracks to the west side thereof, and that just at the time when her said automobile had passed over the west rail of said car line, and without any fault on her part whatever and from some unknown cause, said automobile stalled with the rear end thereof extending across and near the west rail of said car line; that while so stalled on said car line, and while sitting at the steering wheel of her said automobile endeavoring to start it in the usual way by means of the starting switch thereto attached; and almost immediately after said automobile was so stalled, one of appellant's city passenger cars running south on said street railway, being in charge of appellant's servants and employes, and while said automobile in broad and open light of day, was in plain and unobstructed view of appellant's said servants and employes, approached from the north running at a high rate of speed. In the exercise of ordinary care and diligence said servants and employes so in charge of said city passenger car could have seen the dangerous and perilous condition of appellee and the occupants of said automobile, at a distance of at least 150 yards and in time to have slowed down the speed of said passenger car, and to have stopped the same in time to have avoided a collision; but instead thereof, appellant's said servants and employes negligently and carelessly failed to slow down the speed or to stop said street railway car so as to avoid such collision, and ran said city passenger car against said automobile thereby inflicting the injuries complained of, for which she asks damages.

Appellant separately demurred to each paragraph of complaint for want of facts, which demurrer, was by

the court, overruled, whereupon appellant filed its answer in general denial to each paragraph of complaint.

The cause was submitted to a jury for trial which returned a verdict against appellant and in favor of appellee assessing appellee's damages at $1,000, on which the court rendered judgment.

Appellant seeks a reversal of this judgment, relying for such reversal upon the action of the court in overruling the demurrers to the complaint, and in

1. overruling its motion for a new trial. Nothing can be gained in discussing at length the court's action in overruling appellant's demurrer. The averments of the complaint are sufficient to charge appellant with negligence approximately resulting in appellee's injuries, and it does not appear by the complaint that appellee was guilty of contributory negligence.

Appellant complains of the action of the court in refusing to give certain instructions tendered by it but

2. these tendered instructions are substantially covered by other instructions given by the court on its own motion.

Appellant next complains of the court's action in giving instruction No. 8 on its own motion contending that

3. such instruction would allow the jury to find for the appellee by reason of facts, not if proved by the evidence, but by reason of their being averred in the complaint and that the instructions told the jury that the element of damage would not have to be proved but that it could be found as averred in the complaint. Of course, if the form of the instruction was such as to impress the jury that it could base its verdict upon the averments of the complaint it was harmfully erroneous, but while the instruction is not a model in its form we hold that the expression therein "all as shown by the evidence in this case, if so shown" was sufficient, along with other instructions, to inform the jury that its ver-

dict must be based upon facts proved as well as averred. Instruction No. 6 expressly informed the jury to "make your decision upon the facts as proven by the evidence," and that "you are limited in your deliberations to the consideration of the facts as shown by the evidence."

We cannot say that a judgment for damages in the sum of $1,000 for personal injuries suffered by appellee and for the injury to her automobile was excessive. There is ample evidence to sustain the verdict of the jury.

The judgment is affirmed.